UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERIK ALKE,

              Petitioner,

         - against -                          **MEMORANDUM AND ORDER**
                                                                15-CV-2677 (RRM)

DAVE ARTUS,

              Respondent.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Petitioner Erik Alke brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction in New York State Supreme Court, Queens County. On Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d). For the reasons that follow, respondent's motion to dismiss is GRANTED.

## BACKGROUND

      On October 26, 2009, Alke was convicted in New York State Supreme Court, Queens County, of manslaughter in the second degree and, on November 9, 2009, was sentenced to a term of imprisonment of three to nine years. (Addendum to Habeas Pet. (Doc. No. 1) at 13.)[1] The New York State Appellate Division, Second Department, affirmed Alke's conviction on December 20, 2011. *People v. Alke*, 935 N.Y.S.2d 96 (App. Div. 2011). Alke filed a motion for leave to appeal to the New York State Court of Appeals, which was denied on August 2, 2012. *People v. Alke*, 975 N.E.2d 916 (N.Y. 2012). Alke did not appeal to the United States Supreme Court.

      On December 3, 2012, Alke filed a petition for a writ of habeas corpus in this Court. (Addendum to Habeas Pet. at 13; Habeas Pet. Ex. A (Doc. No. 1) at 58–61.) The Court dismissed Alke's 2012 petition without prejudice because it included unexhausted as well as exhausted claims

---

[1] For ease of reference, citations to pages in court documents utilize ECF pagination.

and Alke had adequate time remaining "to return a fully exhausted habeas petition to the district court." *Alke v. Artus*, No. 12-CV-5977 (RRM), 2013 WL 4700828, at *2 (E.D.N.Y. Sept. 1, 2013).

Following this dismissal, Alke filed a motion in New York State Supreme Court, Queens County, on September 11, 2013, pursuant to New York Criminal Procedure Law § 440.10, seeking to vacate his conviction and bringing claims of (1) ineffective assistance of counsel; (2) failure to establish guilt beyond a reasonable doubt; (3) violation of the rights guaranteed by *Miranda v. Arizona*, 384 U.S. 436 (1966); (4) erroneous trial court evidentiary rulings; and (5) prosecutorial misconduct. (Habeas Pet. (Doc. No. 1) at 3; Pet'r's Resp. (Doc. No. 9) at 3.) That motion was denied on March 18, 2014, (Habeas Pet. Ex. C (Doc. No. 1) at 65), and a notice of entry of the order of denial was served on Alke on March 28, 2014. (Mot. Dismiss Habeas Pet. (Doc. No. 7) at 5.)

On May 11, 2015, the instant petition for habeas corpus relief was filed with the Court. (Habeas Pet.) It raises the following four claims: (1) the evidence presented at trial failed to establish Alke's guilt beyond a reasonable doubt; (2) Alke was denied the protections of *Miranda*; (3) evidentiary rulings of the trial court resulted in a denial of due process; and (4) Alke received ineffective assistance of trial counsel. (Addendum to Habeas Pet. at 12.) On September 25, 2015, respondent filed a petition to dismiss the habeas petition as time-barred pursuant to 28 U.S.C. § 2244(d). (Mot. Dismiss Habeas Pet.) Alke responded on October 16, 2015, arguing that the petition is not time-barred, and, in the alternative, that even if it is time-barred, the Court should still entertain the petition as it raises a claim of actual innocence. (Pet'r's Resp. at 5–6.) On November 16, 2015, respondent replied that Alke's petition is time-barred, as he exceeded the one-year limitations period by 314 days, and that Alke merely raises an issue of legal insufficiency, not a claim of actual innocence. (Resp't's Resp. (Doc. No. 12) at 4–5.)

# LEGAL STANDARD

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). AEDPA provides that the limitations period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). If a properly filed application for state post-conviction or other collateral review with respect to the judgment of conviction is pending at any time during the one-year limitations period, the time during which the application is pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2); *see Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

# DISCUSSION

Alke was sentenced on November 9, 2009, and his last direct appeal was decided on August 2, 2012. Accordingly, the judgment became final 90 days later, on October 31, 2012, when the time to seek review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) ("[T]he limitations period for state prisoners . . . begins to run only after the denial of certiorari or the expiration of time for seeking certiorari."). Because 28 U.S.C. §§ 2244(d)(1)(B)–(D) are inapplicable to this case, Alke had one year from October 31, 2012 to file his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant

3

petition was filed with the Court on May 11, 2015, approximately two-and-a-half years after the one-year limitations period had expired. *See Noble v. Kelly*, 89 F. Supp. 2d 443, 450 (S.D.N.Y. 2000) ("As a general rule, a petition for habeas corpus is deemed filed for statute of limitations purposes when it is received by the clerk of the district court."), *aff'd*, 246 F.3d 93 (2d Cir. 2001). Unless Alke can demonstrate that the one-year limitations period was tolled or that an exception to the time limitation applies, the petition is untimely and thus time-barred under 28 U.S.C. § 2244(d).[2] The Court therefore decides whether Alke is entitled to statutory or equitable tolling of the time limit or is entitled to an equitable exception to the time limit based on a claim of actual innocence.

### A. Statutory Tolling

Alke filed two applications for post-conviction review between October 31, 2012 and the instant petition for a writ of habeas corpus. Those applications are: (1) the petition for a writ of habeas corpus filed on December 3, 2012 in this Court and (2) the § 440.10 motion to vacate the judgment of conviction filed on September 11, 2013 in New York State Supreme Court, Queens County. The first of the two applications, the 2012 petition, did not toll AEDPA's one-year limitations period as a petition for a writ of habeas corpus does not constitute state post-conviction review under 28 U.S.C. § 2244(d)(2). *See Duhs v. Capra*, No. 13-CV-1056 (JBW), 2016 WL 1559146, at *12 (E.D.N.Y. Apr. 18, 2016) (citing *Duncan v. Walker*, 533 U.S. 167, 172–73 (2001)). The 2013 petition in New York State Supreme Court, on the other hand, did toll AEDPA's one-year limitations period pursuant to 28 U.S.C. § 2244(d)(2).

---

[2] Alke asserts that the statute of limitations ended on June 17, 2015 and that the instant petition filed on May 11, 2015 is therefore not time-barred. (Pet'r's Resp. at 5.) Alke reaches this conclusion by arguing that the § 440.10 motion filed in state court restarted the one-year limitations period. (*Id.* at 4–5.) Therefore, according to Alke, the one-year limitations period started on June 17, 2014, 90 days after the state court's March 18, 2014 decision on the § 440.10 motion. (*Id.* at 5.) For the reasons discussed in this Order, the Court rejects Alke's argument.

The 28 U.S.C. § 2244(d)(2) tolling period runs from when an application for "State post-conviction or other collateral review" is "properly filed" to when it is no longer "pending." 28 U.S.C. § 2244(d)(2). "Properly filed" denotes "an application for state post-conviction relief recognized as such under governing state procedures." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir. 2001) (quoting *Bennett v. Artuz*, 199 F.3d 116, 123 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)). In addition, "a state-court petition [for post-conviction or other collateral review] is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Id.* (quoting *Bennett*, 199 F.3d at 120); *see also Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (stating that a "§ 440.10 motion is 'pending' for purposes of AEDPA at least from the time it is filed through the time in which the petitioner could file an application for a certificate for leave to appeal"). This tolling period does not restart the clock for the one-year limitations period. *See Smith*, 208 F.3d at 17 ("We therefore hold that proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.").

The tolling period began on September 11, 2013, when the petition to vacate the judgment of conviction was filed in New York Supreme Court, Queens County. The tolling period ended on April 27, 2014, thirty days after the date that Alke was served with notice of the trial court's entry of the order of denial, March 28, 2014. N.Y. Crim. Proc. Law §§ 450.15(1), 460.10(4)(a) (stating that a party has thirty days after "service upon the defendant of a copy of the order" to seek leave to appeal that order to the intermediate appellate court); *Garcia v. Smith*, No. 11-CV-1332 (PKC), 2014 WL 905544, at *6 (E.D.N.Y. Mar. 7, 2014) ("According to the Second Circuit[,] . . . the 30 days within which a prisoner may seek leave to appeal the denial of a 440 Motion is tolled under AEDPA."); *Vincent v. Lape*, No. 07-CV-6007L (DGL), 2007 WL 4224198, at *3 (W.D.N.Y. Nov.

26, 2007) ("Petitioner, however, did not seek leave to appeal to the Appellate Division. Thus, petitioner's C.P.L. § 440.10 motion ceased to be pending on January 8, 2004, when the 30-day period for seeking leave to appeal to the Appellate Division expired."); *see also Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir. 2001) ("We . . . exclude from tolling under 28 U.S.C. § 2244(d)(2) the ninety-day period during which a petitioner could have but did not file a certiorari petition to the United States Supreme Court from the denial of a state post-conviction petition."). Thus, the statutory tolling period spanned approximately 228 days. Taking this tolling period into account, the instant petition for a writ of habeas corpus was filed approximately eleven months after the one-year limitations period expired on June 16, 2014. Therefore, the petition for a writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d) unless an equitable exception to the time limit applies.

### B. Equitable Tolling

AEDPA's statute of limitations is not jurisdictional and may be equitably tolled. *Smith*, 208 F.3d at 17. "Equitable tolling applies only in the 'rare and exceptional circumstance[ ].'" *Id.* (quoting *Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir 1999)). The limitations period may be equitably tolled if Alke can demonstrate that (1) "extraordinary circumstances prevented him from filing his petition on time," and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *Id.* Alke provides no facts that would support a finding that the statute of limitations should be equitably tolled, nor does he assert a right to equitable tolling. For those reasons, the Court finds no basis for equitable tolling of the one-year limitations period.

### C. Actual Innocence

An equitable exception to AEPDA's statute of limitations is warranted if petitioner makes a "credible and compelling showing of actual innocence." *Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012). A claim is "credible" when it is "supported by 'new reliable evidence – whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Id.* at 541 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). A claim is "compelling" if the petitioner can show "that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.'" *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). "'[A]ctual innocence means factual innocence, not mere legal insufficiency.'" *Lampon v. LaValley*, 504 F. App'x 1, 2 (2d Cir. 2012) (quoting *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002)).

Alke fails to state a claim of actual innocence. Instead, Alke argues that the evidence presented at trial was legally insufficient to prove guilt beyond a reasonable doubt. (Pet'r's Resp. at 8–10.) The instant petition cursorily describes timesheets that were not introduced at trial, but Alke fails to make a case for why these timesheets would be compelling evidence. (Addendum to Habeas Pet. at 28–29.) Because the record provides no basis for a credible or compelling claim of actual innocence, an equitable exception to AEDPA's statute of limitations is not warranted. As the petition was not filed within the one-year time limitation set by AEDPA and no equitable exception to the time limit applies, the petition is time-barred and must be dismissed.

## CONCLUSION

For the reasons set forth above, respondent's motion to dismiss the petition for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d) is GRANTED.

As Alke has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253; *Soto v. United States*, 185 F.3d 48, 51 (2d Cir. 1999). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail to Alke a copy of this Memorandum and Order and the accompanying Judgment, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 8, 2016

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge